TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Merillin La Rue,*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Merillin La Rue, | Case No.: 2:15-cv-01995-SRB |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, Wells Fargo Bank, National Association, a California corporation, and XCeed Financial Credit Union, a foreign corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, MERILLIN LA RUE, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her First Amended Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are as follows:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona.;

   b. Wells Fargo Bank, National Association ("Wells Fargo") which is a California corporation; and

    c. XCeed Financial Credit Union ("Xceed") which is a foreign company that, upon information and belief, maintains its offices in California.

## GENERAL ALLEGATIONS

6. On or about March 19, 2015, Plaintiff obtained her Experian credit file and noticed inaccuracies on the following trade lines ("Errant Trade Lines"):

    a. Amex, Account Number: 349990931798
    b. Bank of America, Account Number: 6817010106XXXX
    c. Bank of America, Account Number: 488893199682XXXX
    d. Bank of America, Account Number: 549050099865XXXX
    e. Best Serv Co, Account Number: 1155
    f. Chase, Account Number: 475054504090
    g. Discover, Account Number: 601100997060
    h. Midland Credit Management, Account Number: 854667XXXX
    i. South Mountain Justice, Account Number: CC2010112037
    j. Xceed, Account Number: 6102XXXX; and
    k. Wells Fargo, Account Number: 446542010552.

7. On or about April 21, 2015, Mrs. La Rue submitted a letter to Experian disputing the Errant Trade Lines.

8. On or about May 21, 2015, Mrs. La Rue submitted another letter to Experian disputing the Errant Trade Lines.

9. On or about June 3, 2015, Mrs. La Rue received a letter from Experian stating that it received a suspicious request and determined that it was not sent by Mrs. La Rue. Experian stated that it would not be initiating any disputes based on the

suspicious correspondence and that it would apply this same policy to any future suspicious requests that it received.

10. Experian refused to investigate Mrs. La Rue's dispute, in violation of the Fair Credit Reporting Act.

11. On or about August 25, 2015, Mrs. La Rue obtained a new Experian credit file and noticed that Wells Fargo and XCeed continued to report multiple charge offs on the Errant Trade Lines.

12. On or about September 15, 2015, Mrs. La Rue submitted yet another letter to Experian disputing the multiple charge offs on the Errant Trade Lines.

13. Upon information and belief, Experian transmitted Mrs. La Rue's third consumer dispute to Wells Fargo and XCeed.

14. On or about October 14, 2015, Mrs. La Rue received Experian's investigation results which showed that both Wells Fargo and XCeed obtained the multiple charge offs on the Errant Trade Lines.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. La Rue as that term is defined in 15 USC 1681a.

17. Such reports contained information about Mrs. La Rue that was false, misleading, and inaccurate.

18. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. La Rue, in violation of 15 USC 1681e(b).

19. After receiving Mrs. La Rue's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

20. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mrs. La Rue has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

21. Experian is liable to Mrs. La Rue by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT III

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. La Rue as that term is defined in 15 USC 1681a.

24. Such reports contained information about Mrs. La Rue that was false, misleading, and inaccurate.

25. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. La Rue, in violation of 15 USC 1681e(b).

26. After receiving Mrs. La Rue's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

27. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mrs. La Rue has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

28. Experian is liable to Mrs. La Rue by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### COUNT III
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by Experian of the Plaintiff's consumer dispute to the Errant Trade Line, Wells Fargo negligently failed to conduct a proper investigation of Mrs. La Rue's dispute as required by 15 USC 1681s-2(b).

31. Wells Fargo negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian to remove the multiple charge offs on the Errant Trade Line.

32. The Errant Trade Line is inaccurate and creating a misleading impression on Mrs. La Rue's consumer credit file with Experian to which it is reporting such trade line.

33. As a direct and proximate cause of Wells Fargo's negligent failure to perform its duties under the FCRA, Mrs. La Rue has suffered damages, mental anguish, suffering, humiliation and embarrassment.

34. Wells Fargo is liable to Mrs. La Rue by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

35. The Plaintiff has a private right of action to assert claims against Wells Fargo arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendants Wells Fargo for damages, costs, interest and attorneys' fees.

### COUNT IV
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. After being informed by Experian that Mrs. La Rue disputed the accuracy of the information it was providing, Wells Fargo willfully failed to conduct a proper investigation of Mrs. La Rue's dispute.

38. Wells Fargo willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

39. As a direct and proximate cause of Wells Fargo's willful failure to perform its respective duties under the FCRA, Mrs. La Rue has suffered damages, mental anguish, suffering, humiliation and embarrassment.

40. Wells Fargo is liable to Mrs. La Rue for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

3. **WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Wells Fargo for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT V
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY XCEED

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. After being informed by Experian of the Plaintiff's consumer dispute to the Errant Trade Line, Xceed negligently failed to conduct a proper investigation of Mrs. La Rue's dispute as required by 15 USC 1681s-2(b).

43. Xceed negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian to remove the multiple charge offs on the Errant Trade Line.

44. The Errant Trade Line is inaccurate and creating a misleading impression on Mrs. La Rue's consumer credit file with Experian to which it is reporting such trade line.

45. As a direct and proximate cause of Xceed's negligent failure to perform its duties under the FCRA, Mrs. La Rue has suffered damages, mental anguish, suffering, humiliation and embarrassment.

46. Xceed is liable to Mrs. La Rue by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

47. The Plaintiff has a private right of action to assert claims against Wells Fargo arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Xceed for damages, costs, interest and attorneys' fees.

### COUNT VI
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY XCEED

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. After being informed by Experian that Mrs. La Rue disputed the accuracy of the information it was providing, Xceed willfully failed to conduct a proper investigation of Mrs. La Rue's dispute.

50. Xceed willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

51. As a direct and proximate cause of Xceed's willful failure to perform its respective duties under the FCRA, Mrs. La Rue has suffered damages, mental anguish, suffering, humiliation and embarrassment.

52. Xceed is liable to Mrs. La Rue for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the

amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Xceed for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:     December 2, 2015

                                  KENT LAW OFFICES

                              By:   */s/  Trinette G. Kent*
                              Trinette G. Kent
                              Attorneys for Plaintiff,
                              Merillin La Rue